IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3:01-CR-0323-P(1) |
| | § | NO. 3:07-CV-1056-P |
| ROBBIE LESA HAMES | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Robbie Lesa Hames, a federal prisoner, has filed a motion to correct, vacate, or set aside her sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion is denied.

I.

Defendant was charged with fifteen counts in a superseding indictment alleging numerous criminal violations arising from a healthcare fraud scheme between the defendant, her husband, and a family friend.[1] Following trial, defendant was found guilty of all counts, sentenced to 102 months in prison and ordered to pay restitution of $2,885,020. On direct appeal, defendant's convictions were affirmed, but her sentence was vacated and remanded in light of *United States v. Booker,* 543 U.S. 220 (2005). Defendant was resentenced to 84 months imprisonment and ordered to pay the same restitution amount. Defendant then timely filed this motion under 28 U.S.C. § 2255.

---

[1] The facts supporting conviction were set forth by the Fifth Circuit in *United States v. Hames*, 185 F. App'x 318, 320-21 (5th Cir. 2006) (unpublished opinion).

1

II.

In 69 exhaustively argued grounds for relief, defendant contends that the superseding indictment was defective, this Court lacked jurisdiction and committed numerous errors during trial and at sentencing, she was the victim of juror bias and prosecutorial misconduct, and she received ineffective assistance of trial and appellate counsel.

A.

Initially, the government argues that twenty grounds for relief are procedurally barred due to defendant's failure to raise them on direct appeal. The Supreme Court and the Fifth Circuit have been clear: "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, (1982); *see also United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). After conviction and exhaustion of direct appeal, "we are entitled to presume that [the defendant] stands fairly and finally convicted." *Id.* (*citing Frady*, 456 U.S. at 164). A defendant can challenge her conviction after direct appeal only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time in a habeas petition without showing both "cause" for procedural default, and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232 (*quoting Frady*, 456 U.S. at 168).[2] That is, the prisoner must establish that "some objective factor external to the defense" impeded her efforts to raise the issues, and the error alleged worked to her substantial disadvantage and infected her entire trial with error. *See Murray v. Carrier,* 477 U.S. 478, 488 (1986); *see also Frady,* 456 U.S. at 170. "We apply this rigorous standard in order to ensure that final judgments

---

[2]The only exception to this rule is in "extraordinary cases" where a constitutional error has probably resulted in the conviction and incarceration of someone who is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986). Defendant does not claim actual innocence in her petition.

command respect and that their binding effect does not last only until 'the next in a series of endless postconviction collateral attacks.'" *Shaid*, 937 F.2d at 232 (*quoting Frady*, 456 U.S. at 165-66).

Here, defendant alleges a litany of errors related to her indictment, trial, and sentencing that could have been raised prior to this collateral proceeding. To overcome the procedural bar caused by the failure to raise these claims on direct appeal, defendant attempts to show cause and prejudice by assigning all errors to ineffective assistance of counsel. A showing of ineffective assistance of counsel can meet the cause and prejudice standard. *See United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). There is no procedural default for failure to raise an ineffective-assistance claim on direct appeal because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Accordingly, the Court considers those claims which defendant failed to raise on direct appeal – and all other claims she raises – within the context of ineffective assistance of counsel.

B.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel, a defendant must satisfy the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.* at 687. Second, the defendant must prove that she was prejudiced by her attorney's substandard performance. *Id.* at 691-92. Prejudice

3

results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel). There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989). In order to obtain federal habeas relief, a petitioner must affirmatively show how the actions of her attorney deprived her of a fair trial. *See generally Czere v. Butler*, 833 F.2d 59, 63-64 (5th Cir. 1987). Failure to raise meritless objections is manifestly not ineffective lawyering. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

"The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (*citing Jones v. Barnes*, 463 U.S. 745, 751 (1983)). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003); *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999). In order to prove ineffective assistance of appellate counsel, the defendant must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (*citing Strickland*, 466 U.S. at 688). This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id.* (*quoting Williamson*, 183 F.3d at 462).

Throughout her prolix pleadings, defendant alleges dozens of errors to which her trial counsel did not object and which her appellate counsel neglected to raise. Most of defendant's 69 claims are either patently frivolous, negated by the record, or conclusory in nature. Because of the sheer

4

number of allegations, the Court will endeavor to group them; however, the Court is certainly not required to comb through 165 pages of argument and random citations to legal authority in an attempt to ferret out a possible meritorious claim. *See Jones*, 463 U.S. at 753 ("A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions."). In multiple grounds, defendant broadly claims: (1) the indictment was invalid and the court lacked jurisdiction; (2) her counsel failed to investigate the case and permitted the improper admission of evidence; (3) she was not permitted to testify; (4) the court impaneled one or more biased jurors and the jury deliberations were tainted by the presence of an alternate juror; (5) the prosecutor committed numerous instances of misconduct; and (6) her sentence, forfeiture amount, and restitution order were invalid.

### 1. Errors Before Trial

Defendant's allegations charging errors before her trial provide no avenue for habeas relief. Trial counsel was not ineffective for failing to challenge these claimed errors, and appellate counsel was not ineffective for neglecting to raise them on appeal.

Pre-indictment delay violates the due process clause only if it causes a defendant "substantial, actual prejudice," and was "intentionally undertaken by the government for the purpose of gaining some tactical advantage over the accused in the contemplated prosecution or for some other impermissible, bad faith purpose." *United States v. Crouch*, 84 F.3d 1497, 1514 (5th Cir. 1996). Defendant has failed to show that the approximately four year delay between the commencement of the investigation and return of an indictment was prejudicial, nor that it was undertaken for an improper purpose.

Defendant's allegations of wrongdoing during the investigation of her crimes also reveal no prejudicial error. There is no indication of wrongdoing by Larry Seals and Marty Due that was sanctioned by the government, nor any factual support for defendant's claims that the prosecutor committed misconduct during the case investigation. Accordingly, counsel was not ineffective for failing to raise these conclusory claims.

Defendant also fails to establish ineffective assistance in the failure to challenge her extradition under the "doctrine of speciality." She claims that the inclusion of additional forfeiture allegations not raised in the original indictment indicates that she was tried for an offense for which she was not extradited. However, defendant did not have standing to raise a treaty violation, even if one existed in this case. *See United States v. Zabaneh*, 837 F.2d 1249, 1261 (5th Cir. 1988); *see also United States v. Quiroz*, 137 F. App'x 667, 671 n.1 (5th Cir. 2005) (unpublished opinion) (a criminal defendant is precluded from arguing the specialty doctrine when the asylum state fails to raise an objection to the proceeding).

Once the defendant was indicted for criminal offenses brought under Title 18 of the United States Code, the district court had jurisdiction over this case, no matter the provisions of the Administrative Procedures Act. *See* 18 U.S.C. § 3231; *See also United States v. Choate*, 276 F.2d 724, 728 (5th Cir. 1960). Similarly, she was not improperly denied an opportunity to refund the overpayments from Medicare in order to avoid prosecution. *See, e.g., United States v. Herring*, 602 F.2d 1220, 1228 (5th Cir. 1979) (finding no error in jury instruction that repayment of funds is not a defense to criminal fraud). A challenge to criminal jurisdiction would have been futile.

The defendant raises a number of claims challenging the restraint of her childrens' trust fund, which she believes constituted a burden on her own assets that violated her "right to counsel of her

6

choice." However, defendant does not have standing to challenge the restraint of trust assets that she had no personal interest in. The record is clear that defendant's own assets were not restrained prior to trial. Regardless, a defendant does not have an unlimited constitutional right to counsel of her choice; instead, she is assured only "a *fair or reasonable* opportunity to obtain particular counsel." *United States v. Mitchell*, 777 F.2d 248, 256 (5th Cir. 1985) (*citing Gandy v. State of Alabama*, 569 F.2d 1318, 1323 (5th Cir. 1978)) (emphasis in original).

Defendant's numerous challenges to the superseding indictment also reveal no error. The indictment clearly sets forth the government's intention to seek forfeiture of $410,000 in cash and the building owned at 1711 West Irving Boulevard in Irving, Texas. *See United States v. Hames*, No. 3:01-CR-323-P (N.D. Tex.) [Doc. #99], at 31-34. Defendant contends her counsel should have filed a motion to dismiss because the evidence was insufficient to establish the allegations contained within the indictment, however, this is a question of proof rather than validity of the indictment. Accordingly, counsel was not ineffective for failing to challenge the superseding indictment.

To the extent that defendant challenges the indictment's reference to the restitution provisions of 18 U.S.C. § 1347 and inclusion of forfeiture allegations that were allegedly time-barred or unauthorized, her claims do not establish constitutional error. Claims of ineffective assistance of counsel based upon restitution and forfeiture are not cognizable in a § 2255 action because they do not relate to unlawful custody. *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994). Additionally, because the *Strickland* prejudice component requires a showing of harm that relates to the prisoner's custody, an ineffective assistance claim based upon restitution and forfeiture necessarily fails for lack of prejudice. *See id.*

7

Defendant also fails to establish constitutional error in her conclusory allegations that her prior counsel shared her trial strategy with the prosecutor and that a witness's attorney had previously represented her. Defendant does not show how she was prejudiced by the government's alleged knowledge of her defenses and strategy, nor how any conflict of interest of her prior counsel adversely affected her. *See Cuyler*, 446 U.S. at 350 ("In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance."). Accordingly, her trial and appellate counsel were not ineffective for neglecting to raise these claims.

Defendant's allegations of ineffective assistance regarding allegedly stolen or forged documents, illegal searches and seizures, and her counsel's failure to move to suppress these items are belied by the record. Defendant's counsel moved to suppress the documents at trial, and an extended hearing was conducted by the Court. (*See* Trial Tr. Vol. III at 648-56, Vol. IV at 665-727.) The motion was denied, because the documents were not obtained in violation of defendant's Fourth Amendment rights. There is no indication that any delay in raising this unsuccessful motion until trial prejudiced defendant. She has not established that an earlier-filed suppression motion would have been successful.

## 2. Trial Errors

Defendant raises a litany of alleged errors that she believes should have been raised by her counsel at trial or on direct appeal. Most of these claims seek to relitigate unfavorable rulings by the Court. None of them satisfy the two-prong test established in *Strickland*. They are therefore overruled.

First, defendant faults her counsel's alleged failure to object to the Court's motion in limine ruling and the resulting bar to referring to "related parties" and eliciting evidence that Palmetto failed to follow certain administrative procedures. Similarly, defendant urges that her counsel should have objected that her prosecution was based on a "question of interpretive law"; that is, her counsel should have sought to enter the Medicare regulations into evidence to show that the costs charged were legitimate. As the government correctly observes, these objections were raised and extensively argued by defense counsel. (*See* Trial Tr. Vol. I at 232-45, Vol. II at 246-61). The Court eventually ruled that the defense could not raise the issues in front of the jury without first getting permission. There is simply no basis for an ineffective assistance claim against defendant's trial counsel. Defendant also fails to establish that it was objectively unreasonable for appellate counsel to omit this issue. The Medicare regulations were not relevant to this prosecution, and appellate counsel was not negligent in concluding that this claim was unlikely to be fruitful.

Defendant argues that her counsel should have objected to the arrangement of the courtroom, which purportedly prevented her from observing the witnesses and conferring with her counsel. However, the record provides no support for this allegation. The seating arrangement at trial did not prevent defendant from seeing witnesses or exhibits or conferring with counsel. Accordingly, defendant's claim of a confrontation clause violation is meritless.

Defendant faults her counsel for not requesting a trial on the forfeiture counts of her superseding indictment. Of course, the Court was not required to conduct a hearing on the forfeiture of real property, because defendant did not contest the forfeiture. *See* FED. R. CIM P. 32.2(b)(1). To the extent that defendant urges that counsel's failure to challenge the forfeiture was itself deficient, this claim is not cognizable on collateral review. *See Segler*, 37 F.3d at 1137; *see also*

9

*United States v. Nursery,* 518 U.S. 267, 291-92 (1996) (civil forfeitures do not impose "punishment").

Defendant's counsel was not ineffective for failing to challenge evidence admitted under Rule 404(b) and testimony by two summary witnesses. Evidence of defendant's flight from the country and use of false passports was properly admitted as evidence of preparation, plan, knowledge, and absence of mistake or accident and was therefore admissible under Rule 404(b). *See* FED. R. EVID. 404(b). In any case, defense counsel filed a motion in limine to exclude reference to extraneous acts, including defendant's flight to Spain and subsequent extradition. *See United States v. Hames*, No. 3:01-CR-323-P (N.D. Tex.) [Doc. #121].

Both summary witnesses were appropriately utilized by the government in a limited capacity to summarize complex and voluminous documents already in evidence regarding defendant's fraud scheme. *See United States v. Harms*, 442 F.3d 367, 375-76 (5th Cir. 2006). The Court's charge to the jury included a limiting instruction modeled after the Fifth Circuit Pattern Jury Instruction 1.44 regarding summaries and charts received in evidence. The summary evidence was not cumulative, and neither the 404(b) evidence nor the summary witnesses had a substantial and injurious influence on the jury's verdict. *See United States v. Buck*, 324 F.3d 786, 790 (5th Cir. 2003). Regardless, defense counsel and her co-counsel did object to the summary witnesses. (*See* Trial Tr. Vol. IX at 1998-2000, 2027; Vol. X at 2040, 2042-43, 2062) (challenging exhibits and testimony as inappropriate summary evidence).

Defendant appears to fault her counsel's failure to raise a claim that there was insufficient evidence to support the government's "flawed theory of fraud" and her eventual conviction. However, counsel moved unsuccessfully for a judgment of acquittal (*See* Trial Tr. Vol. X at 2148),

and urged insufficient evidence on appeal. *See United States v. Hames,* 2006 WL 1684665 at *320. Moreover, sufficiency of the evidence does not fall within the limited category of claims subject to review in a motion for post-conviction relief. *Forrester v. United States*, 456 F.2d 905, 907 (5th Cir. 1972). Accordingly, these grounds for relief are overruled.

All claims related to juror misconduct are similarly frivolous. Neither of the jurors alleged to harbor prejudice against the defendant indicated any views that constitute actual bias, and both indicated that they could serve as fair and impartial jurors. (Trial Tr. Vol. I at 73, 84-86, 106-07); *see also, e.g., Virgil v. Dretke,* 446 F.3d 598, 608-10 (5th Cir. 2006). There is no evidence to support defendant's contention that the jury began deliberation with thirteen jurors. Instead, the jurors, including an alternate, were sent to a conference room prior to the beginning of deliberations to permit the Court to gather trial exhibits. (*See* Trial Tr. Vol. XIV at 3066-68). The jury later began deliberations with twelve members. *Id.* Even had the jury briefly deliberated with thirteen jurors, this is not a constitutional violation, and defendant does not establish prejudice from any violation of Federal Rule of Criminal Procedure 24(c). *See United States v. Virgen-Moreno*, 265 F.3d 276, 289 (5th Cir. 2001) (applying harmless error analysis when jury did not begin anew after alternate juror was seated).

Defendant raises a number of claims generally alleging prosecutorial misconduct. She urges that the prosecutor failed to turn over certain exhibits prior to trial, engaged in an inappropriate opening statement, and committed unspecified acts of misconduct during the investigation and trial of her case. There is no evidence to support a claim of *Brady* error or any prejudice that resulted from tardy disclosure of *Brady* evidence. *See United States v. Ellender,* 947 F.2d 748, 757 (5th Cir. 1991) (no prejudice resulted where *Brady* evidence was produced after the trial started). Indeed,

11

defendant does not identify any documents that were withheld, nor state that they were exculpatory. In any case, defendant admits that her counsel objected and moved unsuccessfully for sanctions due to the prosecutor's tardy disclosure of evidence. There is no basis for such an ineffective assistance claim. These and other general claims of misconduct are conclusory and, therefore insufficient to merit federal habeas relief. *See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) (bare allegations of prosecutorial misconduct do not establish due process violation). The prosecutor's opening statement simply set forth what she believed the evidence would demonstrate. Her statement did not deprive defendant of a fair trial, so habeas relief is not warranted. *See United States v. Anchondo-Sandoval,* 910 F.2d 1234, 1237 (5th Cir. 1990).

Defendant also raises a number of claims alleging that her attorney failed to present key evidence, conduct a thorough investigation, subpoena witnesses, or otherwise properly prepare for trial. "An attorney has a duty to independently investigate the charges against his client." *Bower v. Quarterman*, 497 F.3d 459, 467 (5th Cir. 2007) (*citing Wiggins v. Smith*, 539 U.S. 510, 524 (2003)). While the precise contours of a reasonable investigation are fact-specific and not clearly defined, the Fifth Circuit has held that "[i]nformed evaluation of potential defenses to criminal charges and meaningful discussion with one's client of the realities of his case are cornerstones of effective assistance of counsel." *Id.* (*quoting Washington v. Watkins*, 655 F.2d 1346, 1355 (5th Cir. 1981)). The reasonableness of an attorney's investigation depends, in part, on information supplied by the defendant. *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997); *see also Strickland*, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions . . . In particular, what investigation decisions are reasonable depends critically on such information."). In order to establish that counsel was ineffective for

failing to investigate, "a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial." *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Here, the record reflects that defense counsel was fully prepared for trial and had conducted a thorough and professional investigation. The Court credits the affidavit of defendant's trial counsel, which indicates that she and her paralegal had engaged in substantial preparation for trial over the course of more than nine months and that she kept in frequent contact with her client. (*See* Govt. App'x at 2, 13-14). Defense counsel's paralegal reviewed approximately 200 bankers' boxes of files, produced a complete index, and visited defendant six times while she was in custody. (*Id.* at 13.) They discussed trial preparation, the contents of the discovery material, and the documents defendant believed were important to the case. (*Id.*) Counsel herself reviewed approximately 100 boxes of discovery provided by the government and fifteen additional boxes provided by defendant's prior counsel. (*Id.* at 6). Defendant has not indicated what additional investigation would have revealed and how it would have changed the outcome of the trial. The Court's own observations at trial confirm that defense counsel was fully prepared and conducted herself as a zealous and knowledgeable advocate for her client.

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). To prove that counsel was ineffective for failing to call a witness, "the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been

13

favorable to a particular defense." *Id.* Here, defendant contends that there were 140 witnesses that were not called or interviewed, and names approximately fourteen witnesses that should have been called. However, she does not establish that these witnesses would have testified, nor that any such testimony would have been favorable to her defense. Accordingly, she has not established ineffective assistance of counsel.

Defendant faults her lawyer's strategic choices, including counsel's failure to submit certain contracts as evidence, challenge the government's use of photocopies, present evidence that the lease was legal, and object to the admission of "stolen, altered and incomplete documents." Habeas relief does not lie for disagreements about the strategic choices made by counsel over the course of investigation, preparation, and trial. The *Strickland* standard is highly deferential to strategic choices made by trial counsel. "So long as counsel made an adequate investigation, any strategic decisions made as a result of that investigation fall within the wide range of objectively reasonable professional assistance." *Cotton v. Cockrell*, 343 F.3d 746, 752 (5th Cir. 2003) (*quoting Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002)). A conscious and informed decision on trial tactics cannot form the basis of an ineffective assistance of counsel claim "unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* at 753 (*quoting United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)).

Here, defendant has not established that these strategic choices were deficient. She fails to show how the outcome would have been different if the written contracts, rather than testimony regarding the contracts, were admitted into evidence. A co-defendant's counsel elicited testimony that signatures on certain documents were forged. Whether that testimony was believed was up to the jury, and defendant fails to show that her lawyer was deficient for neglecting to elicit the same

testimony. Evidence of alteration of a document cited by defendant was wholly unrelated to the charges against her. Even if photocopies were improperly admitted, defendant fails to identify which exhibits should have drawn objection, nor how those photocopies were prejudicial to her defense.

Defendant particularly faults counsel for failing to fully cross-examine witness David Hames about prior inconsistent statements he made to an investigator. However, the affidavits of defense counsel and her paralegal, which the Court credits as true and accurate, establish that defendant herself prevented counsel from learning of this prior statement. (*See* Govt. App'x at 4, 13-14). The defendant's lawyer was not deficient for failing to cross-examine the witness about a statement counsel did not know about and could not have known about because her client had removed the statement from the discovery materials. *See Ransom*, 126 F.3d at 723.

Defendant claims that her attorney urged her not to testify and, when defendant changed her mind and decided that she should testify, her lawyer stated that it was "too late." The record shows that defendant concluded that she did not wish to testify after consultation with her attorney, and understood that such determination was wholly hers to make. (*See* Trial Tr. Vol. XIII at 2822-24). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). There is no evidence to support defendant's claim that her counsel prevented her in any way from testifying in her own defense. In cases such as this, where a defendant voluntarily and intelligently waives her right to testify based on the sound advice of counsel, there is no basis for federal habeas relief. *See United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002). Even if defendant changed her mind and wanted to testify, as she alleges in her petition, she does not provide any indication of what her testimony would have been. Accordingly, she does not establish prejudice from any denial of her right to testify. *See id.* at 456.

The Court also overrules any claim of error with regard to an purported physical altercation between defense counsel and the lead prosecutor in this case. This ridiculous allegation is firmly denied by defense counsel, and the Court accepts counsel's affidavit testimony as true and correct. According to counsel, there was no dispute, either verbal or physical, and despite her best efforts, she was unable to negotiate a plea agreement acceptable to the defendant. The prejudice defendant claims – that she was denied a favorable plea agreement – does not establish constitutional error. It is well-settled that there is no constitutional right to a plea agreement. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *see also United States v. Crain*, 33 F.3d 480, 487-88 (5th Cir. 1994).

Defendant claims that counsel was ineffective for failing to challenge the jury instructions as "vague and confusing," and alleges that the instructions omitted an essential element of the offense of health care fraud. Specifically, defendant states that the Court's definition of health care fraud did not specify the unlawful scheme nor the particular false statements, and failed to include the element of interstate commerce. Generally, challenges to jury instructions may only form the basis for federal habeas corpus relief where the improper instruction rose to the level of a constitutional violation. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991). There exists a well-established presumption that jurors understand and follow the Court's instructions. *See United States v. Patino-Prado*, 533 F.3d 304, 313 (5th Cir.), *cert. denied*, 129 S.Ct. 328 (2008). This presumption can be overcome only when there "is an overwhelming probability that the jury will be unable to follow the instruction and there is a strong probability that the effect is devastating." *Id.* (*quoting United States v. Barksdale-Contreras*, 972 F.2d 111, 116 (5th Cir. 1992)). Defendant has offered no basis for rejecting the presumption that the jury understood and followed the Court's instructions in this case. Defendant does not deny that the instructions were a correct statement of

16

the law.  She is not entitled to relief under § 2255 based on her unsupported suspicion that the jury may not have understood the Court's correct instructions.

Similarly, the failure to include the element of interstate commerce in an instruction regarding health care fraud is not reversible error, so it cannot be constitutional error requiring habeas relief.  *See United States. v. Hickman*, 331 F.3d 439, 443-44 (5th Cir. 2003) (finding, on direct appeal, no plain error in failure to require a jury finding that health fraud affected interstate commerce).  Even if interstate commerce were an essential element that should have been more clearly stated in the Court's instructions, it cannot seriously be contended that these institutions and their functions do not affect commerce.  Defendant argues only that the word "commerce" was not used in a particular section of the jury charge.  The evidence was overwhelming that defendant's conduct affected interstate commerce; accordingly, the Court's failure to invoke this word in the jury instructions did not affect the fairness or integrity of judicial proceedings.  *See id.* at 444 (*citing Johnson v. United States*, 520 U.S. 461, 469-70 (1997)).

### 3.  Sentencing

Defendant raises approximately fifteen claims of error related to counsel's failure to challenge various findings of the Court on loss amount, restitution, and forfeiture, and the Court's application of particular enhancements under the United States Sentencing Guidelines.  Specifically, defendant claims that counsel was ineffective for neglecting to challenge the method and amount of restitution, loss amount, and forfeiture and raise a number of defenses that would limit or bar the restitution and forfeiture orders.  In addition, she claims that the Court failed to rule on objections to the Presentence Report, she was denied allocution at sentencing, and the Court committed *Booker* error upon re-sentencing.

All errors challenging forfeiture and restitution are overruled, since habeas relief does not lie where the claims do not relate to unlawful custody. *See Segler*, 37 F.3d at 1137. It is also well established that the technical application of the sentencing guidelines is not subject to collateral review in a § 2255 motion. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *Id.* Accordingly, defendant's claims that counsel was ineffective for failing to challenge the loss amount and other enhancements under the Guidelines are not cognizable under § 2255.

Habeas relief is not available for defendant's remaining claims regarding sentencing. The record is clear that the Court ruled upon the objections to the Presentence Report after a thorough sentencing hearing. (*See* Sentencing Tr. at 146-50). Defendant was fully permitted to address the Court. (*Id.* at 150-54). The court did not treat the Guidelines as mandatory on re-sentencing; accordingly, there was no *Booker* error, and counsel was not ineffective for failing to object. Defendant's claims are therefore overruled.

4. Appeal

To the extent that defendant seeks habeas relief for deficient assistance on appeal, such claims are overruled. In a well-researched brief, appellate counsel challenged defendant's conviction on the grounds that: (1) the district court erred by excluding the impeachment testimony offered by one of defendant's witnesses; (2) the evidence was insufficient to support conviction; and (3) her sentence violated *Booker*. *Hames,* 2006 WL 1684665 at *1. Counsel was successful in obtaining

relief with regard to the last claim. Again, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle*, 343 F.3d at 445. Here, appellate counsel researched the relevant facts and law and made an informed decision that the 66 additional grounds for relief suggested by defendant would not prove fruitful. The defendant has failed to show that she was likely to prevail on any of these numerous allegations, and accordingly, her counsel's efforts did not fall below an objective standard of reasonableness.

III.

For the foregoing reasons, the instant motion to correct, vacate, or set aside defendant's sentence filed pursuant to 28 U.S.C. § 2255 is DENIED.

IV.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[3] In the event the petitioner will file a notice of appeal,

---

[3] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

the court notes that the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 29th day of April, 2010.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE